Ok, next case for argument, Crespo v. Colvin, Mr. Payton. May it please the court, my name is Gary Payton on behalf of Mr. Crespo, the appellant. This matter was appealed based on a ruling from an administrative law judge determining that Mr. Crespo did make false statements to the Social Security Administration which caused him to give out certain benefits to his mother as a part of his duty as a KE representative. The hearing was conducted and the administrative law judge found that he made false statements. However, he is appealing this because we do not believe that the evidence showed that he made false statements. The evidence showed that he was not aware of his requirement as a KE representative to notify the Social Security Administration if his mother left the United States and went to Puerto Rico for more than 30 days. At the time he was appointed as the KE representative, she was already receiving benefits from the Social Security Administration. The representative KE was her daughter, Raquel. There was some type of dispute between the daughter and the mother. So the mother asked the son to take over the responsibilities as the KE representative. Don't you have a serious jurisdictional problem? Your Honor, I believe based on 1129, this matter, once all the remedies have been exhausted in administrative court, which they have been, we had the hearing before the administrative law judge and then it was appealed to the Board of Review, which rejected the appeal. And we then appealed it to district court and then we appealed it from district court to the Court of Appeals. So I believe it is properly before the Court of Appeals. Could you address the statutory problem that says these particular kinds of penalties need to be appealed directly to the Court of Appeals without going to the district court, unlike benefit denial cases? Yes, we can, Your Honor. We appealed, we believe that the statutes require under 1129, it requires it to go directly to the Court of Appeals. However, there is also another statute under 405G that says that because the benefits were denied to his mother as a result of the hearing, that we had a right to appeal it to federal district court. In this case, though, you're not seeking the restoration of those benefits to his mother, are you? Yes, we are, Your Honor. We're basically seeking that the court overturn the ruling from the administrative law judge. However... The relief you asked for was to set aside the imposition of the civil monetary penalty. That's correct, also. I don't see anything about restoring benefits to his mother, who's, I gather, still in Puerto Rico? She's apparently still in Puerto Rico, Your Honor. So she's not eligible for benefits? Apparently, she's applying now for benefits, and I don't know if she has her benefits reinstated because my client is not... Whatever the case is, the benefits are not part of Mr. Crespo's case. No, only that his mother's benefits were denied as a result of this ruling by the administrative law judge. So does she have a suit, or what? I believe that she's got an attorney in Puerto Rico, and she's attempting to have her Social Security benefits reinstated, but we're not involved with that. So it's not involved in this case? No, Your Honor. This case is just about your penalties. That's correct, Your Honor. Well, didn't you have to file in the Court of Appeals? Your Honor, we initially filed it because of the denial of benefits to the mother. We filed it to the district court, and then we appealed the ruling. But that was wrong, because that's not where you go when you're challenging the penalties, right? You went in the wrong place. Mr. Payden, did you... There's a statute in the Federal Judicial Code, Section 1631, that says, in essence, if you file in the wrong place, the court can send it to the right place. Correct, and that's what the court ultimately did when they denied... We ultimately did send it from federal district court, which we would argue would toll the 60-day requirement, to the appellate court. And we believe it's in the proper form today. But weren't you too late when you went to the appellate court? No, we initially filed it within the 60-day requirement. If you were to file a fresh petition for review, you would be too late. That's correct. The only way this case gets saved is if it's deemed transfer, right? That's correct, Your Honor. Well, when did you file in the district court? We filed approximately... We filed in the district court, I believe it was in August of... I have to look and see what the exact date was. But it was within the 60-day requirement that we filed it in district court. And then I went to district court and Judge Guzman made a ruling that jurisdiction was not proper on or about December 5th of 2014. And we filed the appeal on December 24th. When did he order a transfer? Excuse me? When did he order a transfer to our court? Sometime after December 24th. There's apparently a Second Circuit opinion that does the same thing, right? In other words, the Second Circuit deemed a petition for review of an agency decision filed in district court is transferred to the court of appeals. That's what we believe, Your Honor. There was never any formal transfer order by the district judge, was there? No, Your Honor. The judge made his ruling on December 5th, at which time we appealed on December 24th. The judge made a ruling that the matter was proper in the court of appeals. Now, what are the dates again? So the penalty was imposed on March 6th, is that correct? That's correct, Your Honor. And then what was your first filing? To federal court? Yeah. We filed it. I'll have to look at the exact date, Your Honor. We just have the dates that we filed it in the federal court. When we initially filed it, we appealed to the Board of Review in the administrative court system. And after we appealed to the Board of Review, then we filed an appeal to federal district court. Now, was that appeal to the Board of Appeals, was that timely? Yes, Your Honor. In our opinion, it was timely. We filed within 30 days. We had 30 days to file. However, the Board of Review, because the matter got to us fairly late, we filed within 24 days after we received the notice, within 24 days, well within the 30-day period. However, because the post office is given five days to deliver it, and they did not deliver it within five days, the Board of Review made a ruling that it was not timely to file. And then we appealed that rejection, that ruling, to federal district court within the 60-day requirement from there. So you're saying within 60 days of the denial of your appeal to the Board of Appeals, you filed in the district court? That is correct. But if any, part of that sounded new to me, Mr. Payton. If your case winds up properly in front of us, one issue is going to be whether the appeal to the Board of Review was timely? That's one of the issues that we address, but I believe because the Board of Review rejected our appeal to the Board of Review, we automatically have standing to come to the Court of Appeals. Yeah, you do. So I don't think it's really relevant at this point. Our only issue is that we do not believe that the Inspector General met their burden of proof in the hearing. You're talking about the merits now? Excuse me? You're talking about the merits? Yes. Yes. Basically, our argument is that the information was presented and the administrative law judge made a ruling that my client made false statements to the Social Security Administration in order to have benefits bestowed upon his mother, Minerva Canones-Sostry. In that he made false statements saying that she was living in Illinois and not living in Puerto Rico. During the time that he was a payee, and he was not the initial payee representative. Initially, the payee representative was his sister, Raquel. There was some type of dispute between the mother and the daughter, at which time the mother asked her son to be the representative payee. During the time he was representative payee, there was no allegations or indications that he inappropriately procured any of the money for the mother by the Inspector General or the Social Security Administration. However, at some time after he had become the representative payee, his sister, who was the original representative payee, made a telephone call to the Social Security Administration telling the Social Security Administration that they should start an investigation because her mother was living in Puerto Rico. That's a falling out, all right. Yes. And at that point, the Social Security Administration began an investigation. During that period of time, Ms. Minerva was making numerous trips back and forth from Illinois to Puerto Rico. And at one point, she went to Puerto Rico for more than 30 days, which, based on the section… I really don't think we're going to get into the merits at this point. You said you filed within 60 days. That's the August 4th file in your document? That would be correct, Your Honor. But in your brief, you say you filed on August 8th. I would have to look at the filing. I'm sure it's in the record of what day we filed. August 8th sounds about right. Okay, well, thank you, Mr. Payton. Mr. Cohn? May it please the Court, Counsel, federal courts being courts of limited jurisdiction only possess the power authorized by the Constitution and Congress. In this case, a judicial review of a determination of a civil monetary penalty for making false statements to receive supplemental security income from the Social Security Administration is vested in this Court. That's Section 1129 of the Act. Making us a trial court. Not the trial court. I say making us a trial court. Well, to review what the administrative law judge did. Well, what about the jurisdictional issue? Is there any untimeliness issue? Well, the Social Security Administration found that the administrative appeal to the full board was not timely. So that would be an exhaustion issue. He filed his complaint in the district court on the 60th day, following the ruling from the appeals board in the Social Security Administration. So is that sufficient to give us jurisdiction? Well, no, because he filed in the wrong court. If he had filed a petition for review here, as the statute directs, then... No, no, but doesn't, was it 1631 say that you can, if you file in the wrong court, it can be transferred to the right court, right? I'm not familiar with that. That argument was never raised. Well, there was, but there's a Second Circuit case, Paul v. INS, saying that the deeming petition for review of agency decision filed in district court has transferred to the court of appeals. I'm not familiar with that case either, Your Honor. It was not raised by the appellant. We did consult the rules, and we understand the rules. There are rules that say that the clerk of the appellate court should refer cases to the district court, but we didn't find anything there that say that they should go from the district court to the appellate court. Well, 1631, it's kind of like a journey account statute. You file in the wrong place, and you're otherwise going to lose jurisdiction. We transfer rather than resolve the case based on the technical mistake. Any reason we shouldn't do that here? If that's, I'm not familiar with the statute, Judge, and I would be happy to look at it and submit a supplemental letter if the court would like, but I can't comment on that section. It might be helpful to know whether the commissioner objects to a 1631 transfer. I will certainly file something. Who knows what the merits might be? Can I ask you, Mr. Kuhn, I frankly have never seen a case like this before, and when I started digging around a little bit, I didn't find many cases involving these sorts of penalties. I think we're all familiar with criminal prosecutions involving deliberate fraud and continuing Social Security benefits of various kinds, but how often does this happen? It happens often enough at the administrative level to get to this level. This is the first one that I am aware of, and my counterparts at the agency as well. They were a little puzzled about where it goes next. I'm not alone then. No. I'm just curious. I think Puerto Rico is part of the United States, not a part of the United States, but a United States territory. How does that make it different than a non-U.S. territory? Well, the statute and the regulations enacted pursuant to the statute specifically say in order to get, these are not Social Security old-age benefits. These are supplemental security benefits. They do not come from the trust fund, but they come from the Treasury, and the regulations specifically state to be eligible, you need to live in the United States, the United States, Northern Mariana Islands, and one other place, but not Puerto Rico. Is there some counterpart statute or program for Puerto Rican residents who are disabled? I don't know that. We got the Northern Mariana? They're covered, but I don't know. The regulations specifically exclude, don't mention Puerto Rico. The 405G argument that counsel raised, you know, about the denial of Social Security benefits, it should be noted that the ruling of the administrative law judge was dependent on the complaint. The appellant's mother is not a party to that proceeding. There was no hearing there on her right to continued benefits. So trying to use her to get jurisdiction here for her son we don't believe is appropriate because there was no exhaustion of her administrative remedies, and she was not even a party to the proceedings that were brought against him. And I would just point out, you know, the Statute 1129, jurisdiction here, this court has held many times that a special statute vesting jurisdiction cuts off any general statute, and it also, the Supreme Court has said that when Congress provides for a view of jurisdiction in the Courts of Appeals, their jurisdiction is exclusive, and if there is any ambiguity at all between these two statutes, the legislative history for Section 1129 basically states that the review would be just the same as its sister statute, 1128A, which deals with Medicare and Medicaid, which the case law involving that statute says that jurisdiction is exclusively here in the Court of Appeals. If there are no other questions, I will ask to affirm the judgment of the district court. Okay, thank you. Mr. Payton, do you have anything further? Nothing further. Okay, thank you. Okay, thank you to both.